**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **MAURICIO PAVEL DE LA FUENTE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **- vs -** | § | **CASE NO. _____** |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**NOTICE OF REMOVAL**

PHH Mortgage Corporation (hereinafter referred to as "PHH" or "Defendant"), Defendant in the above-styled and numbered civil action, files this Notice of Removal to the United States District Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. §§ 1331 (Federal Question), 1332 (Diversity), 1441, and 1446, respectfully showing as follows:

**BACKGROUND**

This lawsuit arises out of Defendant's attempt to foreclose on the Property, located at 405 Durrand Oak Drive, Keller, Texas 76248 (the "Property"), following Plaintiff Mauricio Pavel De La Fuente's ("Plaintiff") default on the relevant mortgage note and deed of trust secured by the Property. The foreclosure sale of the Property was set to occur on December 5, 2023. On December 1, 2023, Plaintiff filed an Original Petition, and Request for Temporary Restraining Order against Defendant in the 48th District Court of Tarrant County, Texas (the "Action").[1]

Plaintiff brings a single attempted cause of action for breach of contract against Defendant. Plaintiff's breach of contract claim is premised on two theories: (1) Defendant allegedly failed to provide Plaintiff with proper notices prior to seeking foreclosure, per Texas Property Code 51.002

---

[1] *See* Petition, Exhibit D-1.  All of the filings from the Action are attached hereto as Exhibits.  The docket sheet for the Action appears at Exhibit B.

and (2) Defendant allegedly failed to make reasonable efforts to inform Plaintiff of any assistance

options before accelerating the note, per 24 CFR 203.501, 24 CFR 203.604(b), and 24 CFR 605.[2]

Plaintiff also sought an *ex parte* temporary restraining order, which was granted on

December 3, 2023, and is set for hearing on December 18, 2023.[3] Through the Action, Plaintiff

seeks to enjoin the foreclosure sale of the Property.

## FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the

action may be removed pursuant to 28 U.S.C. § 1441(a), because Plaintiff alleges claims arising

under federal law—specifically 24 CFR 203.501, 24 CFR 203.604(b), and 24 CFR 605.[4]  This

civil action is properly removed to this Court because the state court where the action has been

pending is located within this district and division. *See* 28 U.S.C. § 124(a)(2) (specifying that

Tarrant County falls within the jurisdiction of the United States District Court for the Northern

District of Texas, Fort Worth Division).

As stated above, Plaintiff alleges that PHH violated 24 CFR 203.501, 24 CFR 203.604(b),

and 24 CFR 605 by failing "to make reasonable efforts to inform Plaintiff of any assistance options

before accelerating the note."[5] As such, the federal question is presented on the face of Plaintiff's

Petition. Namely, whether Defendant failed to abide by the aforementioned federal statutes.

Plaintiff's federal based claim establishes federal question jurisdiction in this Court. 28 U.S.C. §

1331.

---

[2] *See* Petition, Exhibit D-1, Pg. 2.
[3] *See* Signed TRO, Exhibit E-1.
[4] *See* Petition, Exhibit D-1, Pg. 2.
[5] *Id*.

## DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§1332 and 1441 because: (1) there is complete diversity between Plaintiff and Defendant; and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Complete Diversity Exists.**

There is complete diversity between Plaintiff and Defendant.

**1.    Plaintiff is a Citizen of Texas.**

Plaintiff is an individual domiciled in Tarrant County, Texas.[6] Therefore, for diversity purposes, Plaintiff is a citizen of Texas.

**2.    PHH Mortgage Corporation is a Citizen of New Jersey.**

Defendant PHH is a citizen of New Jersey for the purposes of diversity jurisdiction. PHH is a corporation. When considering diversity of citizenship, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. §1332(c)(1). A "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). PHH is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes. *See Bohannon v. PHH Mortg. Corp.*, 665 F. App'x 760, 761 n.2 (11th Cir. 2016) (PHH is a citizen of New Jersey).

**B.    Amount in Controversy Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff fails to make a claim for relief, as required by Rule 47 of the Texas Rules of Civil Procedure. However,

---

[6] *See* Petition, Exhibit D-1, Pg. 1.

Plaintiff seeks injunctive relief regarding the sale of the Property.[7] Further, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 97 S. Ct. 2434, 2443, 53 L. Ed. 2d 383 (1977).  "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961). A common method of establishing the value of real property is to look to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014).  Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). Here, Plaintiff seeks to enjoin the sale of the Property.[8] The Tarrant County Appraisal District most-recently set the value of the Property at $406,378.00.[9]  Accordingly, the amount in controversy for the relief sought by Plaintiff in this action exceeds $75,000, exclusive of interest and costs.

## NOTICE OF REMOVAL IS TIMELY

Defendant PHH timely filed this Notice of Removal within 30 days of its receipt of a copy of the initial pleading establishing that this case is removable to this Court.  28 U.S.C. § 1446(b). Plaintiff filed this lawsuit on December 1, 2023, and Defendant filed its Notice of Removal on December 14, 2023. Notice of this removal is also being filed in the state court where the action is currently pending, and this Notice of Removal is also being served on Plaintiff through its

---

[7] *Id*. at Pgs. 2-3.
[8] *See* Petition, Exhibit D-1, Pgs. 2-3.
[9] *See* Tarrant County Appraisal District Report, Exhibit G.

counsel, pursuant to 28 U.S.C. § 1446(d).  A copy of Defendant's Notice of Removal to be filed in the state court is attached hereto as Exhibit H.

## VENUE IS PROPER IN THIS COURT

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending.  This Court embraces the 48th Judicial District Court of Tarrant County, Texas, which is the state court in which this Action was filed and pending.  *See* 28 U.S.C. § 124(a)(2) (specifying that Tarrant County falls within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, orders and docket sheets from the state court file of the Action are being filed with this Notice of Removal. Defendant is filing with the clerk of the state district court in which this Action is pending, and is serving upon Plaintiff, a Notice of Removal, together with Notice of Removal and supporting documentation, pursuant to 28 U.S.C. §1446(d).

Specifically, pursuant to 28 U.S.C. § 1446(a), and Local Rule 81.1, the following documents are attached to this Notice:

1.   An index of matters being filed is attached as **Exhibit A**;

2.   The state court's docket sheet is attached as **Exhibit B**;

3.   All state court executed process, issued citations, and/or requests for issuance of citations in this case are attached as **Exhibit C**;

4.   State court pleadings, answers, and other filings are attached as **Exhibits D-1 and D-2**;

5.  All orders signed by the state judge and other notices are attached as **Exhibits E-1 and E-2**;

6.  Federal Certificate of Interested Persons attached as **Exhibit F**;

7.  Tarrant County Appraisal District Report in support of federal Notice of Removal attached as **Exhibit G**; and

8.  State Court Notice of Removal attached as **Exhibit H**.

## REMOVAL IS PROPER TO THIS COURT

Defendant has met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  This Notice of Removal is filed subject to and without waiver of all rights and defenses of Defendant to Plaintiff's claims herein.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant PHH Mortgage hereby removes this matter from the District Court in Tarrant County, Texas, to this Honorable Court.

DATED:  December 14, 2023          Respectfully submitted,

             **DYKEMA GOSSETT PLLC**


*/s/ Brett W. Schouest*
**Brett W. Schouest**
State Bar No. 17807700
BSchouest@dykema.com
112 E. Pecan, Suite 1800
San Antonio, TX  78205
Telephone:  (210) 554-5500
Fax:  (210) 226-8395

**-And-**

**Salvador J. Robles**
State Bar No. 24121800
SRobles@dykema.com
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas  75201
Telephone:  (214) 462-6400
Fax:  (214) 462-6401

**ATTORNEYS FOR DEFENDANT
PHH MORTGAGE CORPORATION**


<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true and correct copy of the foregoing document was served upon all parties or counsel of record on December 14, 2023, in compliance with the Federal Rules of Civil Procedure.

                */s/ Brett W. Schouest*
                Brett W. Schouest